**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANOOP KUMAR, | Nos. 12-73230 |
| Petitioner, | 13-71412 |
| v. | Agency No. A079-269-523 |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

In these consolidated petitions, Anoop Kumar, a native and citizen of India,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT") (petition No. 12-73230), and of the BIA's order denying his motion to reopen removal proceedings (petition No. 13-71412). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility findings. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). We deny the petitions for review.

As to petition No. 12-73230, substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Kumar's testimony and his documentary evidence as to the location of his arrests in India. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (adverse credibility finding supported where material inconsistencies in testimony went to the heart of the claim). Kumar's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In addition, substantial evidence supports the agency's finding that Kumar's corroborative evidence did not otherwise establish his eligibility for relief. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application."). In the absence of credible testimony, in this case, Kumar's asylum, including his humanitarian asylum claim, and his withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence also supports the agency's denial of Kumar's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Kumar would be tortured by or with the consent or acquiescence of the government of India. *See id.* at 1156-57.

As to petition No. 13-71412, Kumar does not challenge the BIA's denial of his motion to reopen. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITIONS FOR REVIEW DENIED.**